UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————————

№ 25-CV-6785 (RER) (SDE)

————————————————

GOMA POKHAREL

VERSUS

ADMINISTRATION FOR CHILDREN'S SERVICES (ACS), MERCYFIRST FOSTER
AGENCY, CITY OF NEW YORK, JOHN AND JANE DOE CASEWORKERS

————————————————

**MEMORANDUM & ORDER**

————————————————

**RAMÓN E. REYES, JR., District Judge:**

*Pro se* plaintiff Goma Pokharel brings this action against various defendants, alleging constitutional violations and state law claims related to Family Court proceedings and the custody of her children. After this Court dismissed the complaint *sua sponte* and denied Pokharel's motion for reconsideration, Pokharel amended her complaint, moved for a preliminary injunction, and filed three additional letters requesting relief.

After carefully reviewing the record, and for the reasons set forth herein, the Court denies the motion for preliminary injunction and dismisses the amended complaint.

## BACKGROUND

I.    Factual Background

In December 2025, Pokharel filed this civil action and multiple motions for emergency injunctive relief, alleging violations of her rights under the First, Fourth, and Fourteenth Amendments related to Family Court proceedings and the custody of her children. (ECF Nos. 1, 4, 5, 7, 9).

On December 29, 2025, the Court denied Pokharel's requests for a temporary restraining order and preliminary injunctive relief. (ECF No. 10). Plaintiff then filed an additional amended pleading on January 5, 2025, which the Court considered as the operative complaint. (ECF No. 11 ("Compl.")). Additionally, Pokharel moved for reconsideration of the Court's December 29 order. (ECF No. 12).

On February 17, 2026, the Court dismissed Pokharel's complaint with leave to amend only as to possible civil rights claims against state actors and denied the motion for reconsideration. (ECF No. 13). The Court dismissed Pokharel's claims for injunctive relief related to her Family Court proceedings with prejudice, reasoning that any intervention in ongoing or concluded Family Court proceedings violated the *Younger* abstention and *Rooker-Feldman* doctrines, respectively. (*Id.* at 5–8).

On February 18, 2026, Pokharel filed an amended complaint, alleging the same facts and raising identical claims to her previous complaint. (ECF No. 14 ("Am. Compl.")). Pokharel removed the named plaintiffs from her previous complaint, and she did not cure the pleading deficiencies described in the Court's previous dismissal order. (*Compare* Compl. at 2–3, *with* Am. Compl. at 1–2).

Since February 18, 2026, Pokharel filed a third motion for a preliminary injunction and three letters requesting immediate intervention in her state court custody proceedings to restore "regular visitation of her minor children." (ECF Nos. 15, 16, 17, 18). Additionally, Pokharel states that she has "not received important court orders, notices, or communications related to [her] case" and that "lack of notice has severely affected [her] ability to respond properly and protect her rights." (ECF No. 18 at 1). According to Pokharel, "[d]espite filing emergency motions, an amended complaint, and multiple letters

2

to the Court, [she has] not received proper responses or notice, and [her] situation remains urgent and unresolved." (*Id.*)

## **LEGAL STANDARD**

To state a claim upon which relief can be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Id*. However, the court does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. The court is required to dismiss a complaint filed *in forma pauperis* if it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Courts are required to give special consideration to *pro se* litigants, those individuals who represent themselves in court. This means that unrepresented litigants are not expected to meet the same standards required for formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court must interpret *pro se* complaints to look for the "strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

As an initial matter, the Court addresses Pokharel's letters asserting that she has not received orders or notices from the Court. The docket indicates that the Court mailed all orders related to her case to the address Pokharel provided on her complaint and no mailings have been returned. If Pokharel has not received the Court's orders sent to the address she provided, it is her responsibility to provide the Court with a proper address and to notify the Court of any changes of address. *See Gonzalez v. Walker*, No. 10-CIV-2896 (JBW) (LB), 2011 WL 534358, at *1 (E.D.N.Y. Jan. 6, 2011).[1]

Nevertheless, the Court sympathizes with Pokharel and acknowledges the stress she has endured related to her family court proceeding. However, the Court cannot grant Pokharel the relief she seeks, just as the Court could not do with her previous filings. As previously ordered, the *Younger* Abstention doctrine prevents federal courts from interfering in state civil enforcement actions such as child custody cases initiated by the state authorities. (ECF No. 13 at 5–6); *see Younger v. Harris*, 401 U.S. 37 (1971) (holding that federal courts may not interfere with pending state court criminal prosecutions, absent some extraordinary circumstance such as bad faith prosecution, patently unconstitutional laws, or the lack of an adequate process in state court for protecting the rights of the accused); *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 79 (2013) (*Younger* abstention extends to civil enforcement actions "akin to a criminal prosecution," such as state-initiated child custody cases) (citing *Moore v. Sims,* 442 U.S. 415 (1979); *Roach v.*

---

[1] In light of Pokharel's letters, the Court will send her a copy of the case docket sheet so she can see the case history to date, which indicates the mailings the Court sent to her.

*Clark*, No. 15-CV-0408 (LEK) (ATB), 2015 WL 4067504, at *6 (N.D.N.Y. July 2, 2015) (*Younger* abstention was appropriate where plaintiff asked the court to interfere with a state-initiated Family Court proceeding), *appeal dismissed* (2d Cir. Dec. 17, 2015)). And any review of a concluded custody proceeding is barred by the *Rooker-Feldman* doctrine. (ECF No. 13 at 6–8); *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005).

Accordingly, the Court denies Pokharel's motion for a preliminary injunction.

Additionally, Pokharel fails to state a civil rights claim under 42 U.S.C. § 1983. The amended complaint did not cure the deficiencies from her previous complaint. To bring a claim for monetary compensation for violations of constitutional rights under 42 U.S.C. § 1983, a plaintiff must allege that the harm was caused by a person acting under color of state law and deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). The amended complaint does not allege any harm caused by a specific person acting under the color of state law or plead any deprivation of a constitutional right with the factual detail required. *See Iqbal*, 556 U.S. at 678.

To the extent that Pokharel seeks relief under state law causes of action, including her claims for infliction of emotional distress, and "monetary damages for years of suffering," those claims are dismissed without prejudice. Federal courts may decline to exercise supplemental jurisdiction over related state law claims if the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3).

**CONCLUSION**

For the reasons set forth above, the Court denies the preliminary injunction motion, and the amended complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff, along with a copy of the full docket sheet. The Clerk of Court is further directed to enter judgment and close the case.

SO ORDERED.

/s/ Ramón E. Reyes, Jr.

RAMÓN E. REYES, JR.
United States District Judge

Dated: May 8, 2026
       Brooklyn, New York

6